IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MYRON MACON,

                Petitioner,                OPINION and ORDER

  v.

                                                23-cv-85-wmc[1]

UNITED STATES OF AMERICA,            21-cr-114-wmc

                Respondent.

---

Myron Macon is a federal prisoner who was charged by a grand jury in this court with eight counts of federal drug-trafficking crimes, and with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Macon and the government entered into a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), in which Macon agreed to plead guilty to two charged violations of 21 U.S.C. § 841(a)(1), and the § 924(c) charge, and the parties agreed to a prison sentence of at least 84 months of imprisonment. The court sentenced Macon to 108 months of imprisonment.

Now before the court is Macon's motion to vacate under 28 U.S.C. § 2255, in which he contends he is actually innocent of violating § 924(c), that his plea was involuntary, and that his attorney provided ineffective assistance in failing to file an appeal on his behalf. This petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2255 Cases. Because Macon's claims plainly lack merit, I will deny this motion and I will not issue a certificate of appealability.

---

[1] I am exercising jurisdiction over this case for purposes of screening only.

ANALYSIS

Section 2255 allows a prisoner in federal custody to move for relief on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a); *Sawyer v. United States*, 874 F.3d 276, 278 (7th Cir. 2017). None of Macon's three grounds for relief meets that standard.

I.  **Insufficient Evidence**

Macon contends that his firearm could not have been possessed in furtherance of a drug trafficking crime because when it was recovered, it was unloaded and found in a safe with money and no drug paraphernalia. Macon also contends that the government would not have been able to prove that Macon could have loaded the firearm quickly, or that he was ever seen with the firearm. But "[b]y pleading guilty, [Macon] waived his right to contest the sufficiency of the evidence" and this claim for relief. *United States v. Langer*, 668 F. App'x 168, 169 (7th Cir. 2016).

II.  **Plea Agreement**

A petitioner who pleaded guilty, like Macon, can ordinarily challenge a conviction only by showing that the plea was unknowing or involuntary. *United States v. Broce*, 488 U.S. 563, 574 (1989); *see also Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005) (a guilty plea is constitutionally valid "if done voluntarily, knowingly, and intelligently, with sufficient awareness of the relevant circumstances and likely consequences") (citation omitted). But "even the voluntariness and intelligence of a guilty plea can be attacked on collateral view only if first challenged on direct review." *Bousley v. United States*, 523 U.S. 614, 621 (1998). Macon has procedurally defaulted on his challenge to the plea agreement, which I can excuse only if he demonstrates that he is actually innocent of the § 924(c) charge or there is cause for the

default and he has been prejudiced as a result. *Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008) (citing *Bousley*, 523 U.S. at 621).

Macon contends that he is actually innocent of violating § 924(c). To establish actual innocence, Macon "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *McQuiggen v. Perkins*, 569 U.S. 383, 399 (2013). Macon does not offer evidence to show his innocence. Instead, he insists he is innocent based on facts already in the record: the firearm was unloaded, not within his reach when he was arrested, and officers did not discover drug paraphernalia at the location where the firearm was recovered. Macon also contends that neither the court nor his attorney properly explained the elements of § 924(c)(1) to him. But Macon does not submit evidence of any misrepresentations by his counsel or the court; his personal belief that the facts do not establish a § 924(c) violation does not support an actual innocence claim. *See Schlup v. Delo*, 513 U.S. 298, 314-16 (1995) ("Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim."); *Arnold v. Dittman*, 901 F.3d 830, 836-37 (7th Cir. 2018) ("A claim of actual innocence must be both credible and founded on new evidence.").

Because Macon contends that the court and his attorney misstated the elements of § 924(c), Macon's challenge to the plea agreement may be better framed as an ineffective assistance of counsel claim, which is not procedurally barred. *See Massaro v. United States*, 538 U.S. 500, 504 (2003). To succeed on a claim of ineffective assistance of trial counsel, Macon must show both that counsel's performance was deficient, and that he was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy *Strickland* in the

context of a guilty plea, Macon must show that his counsel's advice regarding the plea was objectively unreasonable and that there is a reasonable probability that but for counsel's error, he would not have entered a guilty plea and instead would have gone to trial. *Lee v. United States*, 137 S. Ct. 1958, 1965 (2017); *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). To make such a showing, a petitioner must present some objective evidence that he would not have entered a guilty plea; his own testimony that he would have insisted on going to trial is not enough on its own. *Koons v. United States*, 639 F.3d 348, 351 (7th Cir. 2011).

I understand Macon to assert that his attorney did not adequately explain the case law governing the meaning of "in furtherance of a drug trafficking crime," and if he had, he would have proceeded to trial. Macon emphasizes that to determine whether a defendant possessed a firearm "in furtherance of a drug trafficking crime," the court considers "the type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to the drugs or drug profits, and the time and circumstances under which the gun is found." *United States v. Mitten*, 592 F.3d 767, 777 (7th Cir. 2010) (citation omitted).

Macon has not explained what his attorney (or the court) failed to explain to him. But I infer him to be saying that he did not appreciate that "in furtherance" is fact intensive. But he still has not shown that if he had known the standard above, he would have gone to trial on the § 924(c) charge. Such a showing seems highly unlikely given the evidence available to the government, much of which Macon does not dispute. In the plea agreement Macon agreed to the truth of a series of facts, including that the officers who searched the location where Macon was arrested "found quantities of fentanyl/heroin and cocaine base, a Taurus 9mm handgun, and a total of $34,060 in U.S. currency" and that testing showed that Macon's DNA was found

4

on the grip of the handgun. Dkt. 50 in Case No. 21-cr-114-wmc. During the plea hearing, Macon confirmed that he understood the charge that he possessed a firearm in furtherance of possessing with intent to distribute mixtures containing cocaine base and fentanyl. Macon also testified that when officers searched his place of arrest, they recovered the firearm and narcotics, and that those items were used to further his business of distributing cocaine base and fentanyl.

Macon does not disavow those facts. Instead, he contends that the government would not have been able to prove this charge under the legal standard noted above even with his admissions because the firearm was unloaded and not readily available to him. Although Macon says that his attorney failed to explain the standard to him, he does not elaborate on any discussions between him and his attorney regarding whether he could assert a viable defense to this charge because the firearm was unloaded and out of reach. And as noted, the government's evidence on this charge was strong: the presentence report noted that officers also recovered ammunition from the same location, the firearm was recovered from a safe with cash and the ammunition, and DNA testing made it exceedingly likely that Macon had handled the firearm. Dkt. 74 in Case No. 21-cr-114-wmc, at ¶¶ 30, 38. Macon does not acknowledge that drugs and ammunition for the firearm were also recovered from the location where he was arrested and where the firearm was recovered. In the face of the government's evidence, and in the absence of any contrary evidence, Macon has not shown that his attorney performed deficiently by failing to pursue a defense to the § 924(c) charge. So, Macon's challenge to the plea agreement fails, whether framed as an actual innocence or ineffective assistance of counsel claim.

### III. Ineffective Assistance of Counsel

Macon challenges his attorney's failure to file an appeal for him. Prejudice is presumed when a lawyer disregards specific instructions from the defendant to file a notice of appeal, regardless of how likely an appeal would be to change the result, and even if the defendant has signed an appeal waiver. *Garza v. Idaho*, 139 S. Ct. 738, 747 (2019); *Row v. Flores-Ortega*, 528 U.S. 470, 484 (2000).

Although prejudiced is presumed, Macon still must show that his attorney performed deficiently in declining to file a notice of appeal for him. *See Flores-Ortega*, 528 U.S. at 484 ("[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim . . . ."). Macon does not say that he alerted his attorney to any specific reason to file an appeal. He simply states that he wanted his attorney to preserve his right to appeal by filing a notice of appeal on his behalf. Without some showing that Macon communicated a specific issue he wanted to appeal, the presumption of prejudice does not apply. So, Macon's ineffective assistance of counsel claim fails as well.

### CERTIFICATE OF APPEALABILITY

Because Macon seeks relief under § 2255, he may appeal this order only if he obtains a certificate of appealability. I may issue a certificate of appealability only if Macon makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because I denied Macon's claims on the merits, to obtain a certificate of appealability, he "must demonstrate that reasonable jurists would find [my] assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 474 (2000). Macon has not shown that

reasonable jurists would debate whether he is entitled to relief, so I will deny a certificate of appealability. Macon may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

ORDER

IT IS ORDERED that:

1. Myron Macon's motion to vacate is DENIED.
2. No certificate of appealability will issue.
3. The clerk of court is directed to close this case.

Entered July 11, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge